The opinion of the Court was delivered by
Mr, Justice Cheves.
The present motion is to reverse the decision of the District Court, and to make the rule absolute on several grounds; of which it is only necessary to notice the following:
1st. That the judgment and execution ought to have been set aside for irregularity, because the judgment was entered up for the sum of 2462 dollars 75 cents, instead of the penalty of the bond, and because the execution was filled up for that precise sum, as damages assessed, when none were actually assessed.
2d. Because the rule on the plaintiff to submit the condition of the bond, and the special circumstances, to a Jury, ought to have been granted.
1st. As the accuracy of the brief is not admit-J ted concerning the irregularities in the judgment aad execution, and no official proof of them, ac-7 * 7 cording to the rule of Court on the subject exhi- . , • n 7 bited, the Court can take no other notice or the first ground, than to say, that the judgment ought to have been entered up for the penalty of the bond; it will make no order thereon. The judgment ought to be entered up for the penalty of the bond, and not for the precise damages, even *153 where they have been assessed pursuant to the Act of Assembly; for the act says, “ the judgment for the penalty shall stand as a security for the sum so assessed by the Jury.”
2d. I am of opinion the rule on the plaintiff to submit the condition of the bond, and the special circumstances, to a Jury, to assess the damages actually due, was properly refused : it came too late after an execution and sale. The act of Assembly does not make: it imperative on the plaintiff to have the damages assessed' by a Jury, before he sues out execution. The language of the act is, he may, and although this word will, where the object and sense of the law require it, be construed shall, yet in this case they both show that it ought to receive its peculiar and. proper meaning;
The object was to prevent suits in equity,, where such suits are necessary; but as they are not necessary in all cases, the words ought not to have been imperative, because such words would have rendered the submission to the Jury indispensablein all cases. Where the plaintiff shalK deem it necessary, the act gives him the privilege, and whereffhe defendant shall deem it necessary, it gives to him the power to compel the plaintiff to. submit the measure of damages to a Jury, thus providing for all events and circumstances, without requiring any nugatory act. (Vide 2 Brev. 355. 1 Faust, 213.) But although the defendant may compel the plaintiff to. sub *154 mit the inquiry of damages to the Jury, he must do it before the plaintiff takes out his execution; and the most rational construction which can be put on these words, “ before he (plaintiff) takes out his execution,” will be at any time before he is legally entitled to take out his execution, unless he should voluntarily forbear longer to take out execution; in which case, I should think the defendant entitled to a rule at any time before it was actually taken out. The precise time and manner in which the plaintiff and defendant shall respectively proceed under the act, must be determined by successive cases of practice, or by rule of Court. In this case it is enough to determine, that a year after judgment, and after execution sued out, and levy and sale of property, the application clearly came too late.
Bay, JYolt, Johnson, Colcock, and Gantt, J. concurred.